United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGIO HERIBERTO DIAZ LUQUE,

Petitioner,

v.

Warden, California City Correctional Center; Field Office Director, ICE Los Angeles Field Office; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Merrick Garland, United States Attorney General,

Respondents.

Case No. 1:26-cv-03457-NW

**ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF Nos. 1, 2

The Court intends to rule directly on the Petition for Writ of Habeas Corpus ("Petition"). *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

Respondents shall file a response to the Petition within three (3) calendar days from the date of this Order. Any response must include the Petitioner's full Form I-213, any orders of release or detention, any custody warrants or notices, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. *See* L.R. 230(c). Petitioner may file a Reply within eight (8) calendar days from the date of this Order. This matter is not set for a hearing, though the Court

may set one should it later be determined that a hearing is necessary. The Clerk of the Court shall serve a copy of this Order together with a copy of the Petition on the U.S. Attorney's Office. Counsel for Respondents shall promptly enter notices of appearance.

In the interim, Respondents are prohibited from deporting the Petitioner or removing him from the Eastern District of California while the TRO and Petition are pending. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

Additionally, the Court finds this case would benefit from the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Within five (5) calendar days from the date of this Order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to the Court's Courtroom Deputy via email at nwcrd@cand.uscourts.gov, who shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes the appointee to serve as CJA counsel for Petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1). The Clerk of the Court shall serve a copy of this Order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition.

**IT IS SO ORDERED.**

Dated: May 5, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

2